# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____ 1:22-cv-01523-GPG _____

(To be supplied by the court)

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2022

JEFFREY P. COLWELL
CLERK

_____ KIRK CORNELL HURD, Plaintiff

V.

_____ ZACHARY CAMPBELL, FAMILY NURSE PRACTITIONER

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## AMEND COMPLAINT

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

KIRK C. HURD #49408 DENVER RECEPTION AND DIAGNOSTIC CENTER P.O.BOX 392004 DENVER, CO 80239

(Name, prisoner identification number, and complete mailing address)

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee

____    Civilly committed detainee

____    Immigration detainee

__X__    Convicted and sentenced state prisoner

____    Convicted and sentenced federal prisoner

____    Other: *(Please explain)* _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:    ZACHARY A. CAMPBELL FNP.  6685 Gun Park Dr. Boulder, Co 80301

(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  __X__ Yes ___ No *(check one)*.  Briefly explain:

He is the medical provide assigned to my case.

Defendant 1 is being sued in his/her __X__ individual and/or ___ official capacity.

2

(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ___ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: _____
              (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ___ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.


## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___X___   42 U.S.C. § 1983 (state, county, and municipal defendants)

_____   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Federal defendants)

_____   Other: (*please identify*)

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   See additional pages.

Supporting facts:

## **JURISDICTION & VENUE**

(1)  This is a civil action authorized by U.S.C. Section 1983 to redress the deprivation, under color of state law rights secured by the Constitution of the United States.  The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (A) (3).  Plaintiff seeks compensatory damages and punitive damages.

(2)  The U.S. District Court for the District of Colorado, is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

(3)  Amend Complaint governed by Rule 15 of the Federal Rules of Civil Procedure.

(4)  The deliberate indifference to medical needs, violated the Plaintiff's rights under the Constitution of the United States, Eighth Amendment.

4

"D. STATEMENT OF CLAIMS"

Dates of actual events:

1.  On or about 04/15/2008, the Plaintiff was sentenced to the CDOC and transferred to DRDC prison facility where Plaintiff signed a "Medical Health Care" contract of consent for CDOC to be Plaintiff's medical care provider.

2.  On or about 07/10/2020, the Plaintiff was diagnosed stage IV base of tongue squamous cell carcinoma.  Plaintiff consented by contract to have an Infuse-A-Port as well as a G-tube, placed ASAP.  Infuse-A-Port and G-tube;

3.  Passed along to Hayden Chaffin and Marsha Cleveland oncology of the Medical Center of Aurora (Aurora South).  The attending Physician, Dr. Douglas Reznick, of the Rocky Mountain Cancer Centers.  Chemotherapy and Radiation therapy was discussed in detail.

4.  On or about 12/09/2020, Indication: Squamous cell carcinoma of the base of the tongue at the midline, subsequent treatment strategy, restaging.  Hyper metabolism at the base of the tongue on study has resolved.  Continue G-tube nutrition, currently at 1500 calories daily, will increase this if we see a continuous decline in his weight or inability to eat orally.  G-tube was in the Plaintiff's stomach for over a year.

5.  On or about 09/09/2021, Dr. Douglas Reznick ordered the removal of the Plaintiff's G-tube, at the Medical Center of Aurora (Aurora South).  A

"D. STATEMENT OF CLAIMS"

> Specialist male nurse, explained to the Plaintiff the procedure of the removal
>
> and "if there is any complications to contact them immediately for a follow-
>
> up."

6.   On or about 09/09/2021 Plaintiff returned back to DRDC.  The Plaintiff

noticed stomach acid and blood coming out of the Plaintiff's G-tube site.

Plaintiff notified the unit Sgt. Spignor, who saw Plaintiff leaking from his

stomach.  Sgt. Spignor, calls in a "medical emergency."  Plaintiff was sent to

the clinic service.  Plaintiff was seen by Provider Stephanie Dove, who ordered

lab work and had a nurse change Plaintiff's dressing.  Plaintiff asked to be sent

back to Aurora South (continuity care) because of complications with his G-

tube.  Plaintiff was told to put in a medical kite to his assigned medical

provider, and sent back to the unit.

7.  On or about 09/10/2021 Plaintiff called to the clinic for labs and dressing

change.  Plaintiff states to Nurse David Benyamin, that the G-tube site is very

painful, with blood, food and stomach acid coming out.  Plaintiff was told

again to put in a medical kite to his provider.

8.   On or about 09/11/2021 Plaintiff called to sick-call but did not see the

provider.  Plaintiff asked Nurse Tracie E. Birmingham, if the provider will see

the Plaintiff?  Plaintiff was told "you're on the schedule."

"D. STATEMENT OF CLAIMS"

9.   On or about 09/11/2021 Plaintiff has unit staff call to the clinic because

dressing would not hold the blood and liquid coming out of the Plaintiff's G-

tube site 7:00PM.

10.  On or about 09/13/2021 Plaintiff was called to the clinic and seen by

Plaintiff's assigned medical Provider Zachary A. Campbell, who upon seeing

the Plaintiff made a statement, "I have no idea what to do about your

condition. I'll call Aurora South and find out what to do."  Plaintiff asked

again to be sent back to Aurora South for his continuity care. Provider stated,

"I'll see."

11.  On or about 09/14/2021 Plaintiff submitted an "EMERGENCY MEDICAL

KITE" explaining " I had my G-tube removed last Thursday and it is still,

leaking, please I need help and dressing changes every day until this problem

is corrected."

12.  On or about 09/15/2021 Plaintiff was called to sick-call and seen by Nurse

Payton Schulthies who upon seeing the Plaintiff's wound went to get a

provider.  Provider Suetlana Polyadoua, took a culture of the Plaintiff's G-tube

site and add a moisture barrier cream with the dressing.

13.  On or about 09/15/2021 Plaintiff submitted a grievance# C-DU21/22-

00198375-1, asking for a new provider and medical treatment-denied on or

7

"D. STATEMENT OF CLAIMS"

about 09/17/2021 by Nurse Nicole Price.

14. On or about 09/16/2021 Plaintiff called to clinic for sick-call and seen

    Provider Zachary A. Campbell, who made a statement, "Aurora South said that

    the leaking is normal." Plaintiff has a dressing change and sent back to the

    unit.

15. On or about 09/17/2021 Plaintiff is called to the unit office. Dr. David C.

    Blakely of Behavioral Health, has an individual counseling session with

    Plaintiff because of the mental anguish that the Plaintiff is going through.

16. On or about 09/19/2021 Plaintiff called to sick-call Nurse Brittany Kimbel

    upon seeing the Plaintiff's wound, she wanted the Provider Zachary A.

    Campbell to look at the Plaintiff. The provider said, "NO." Plaintiff dressing

    is full of blood.

17. On or about 09/20/2021 Plaintiff called to see Provider Stephanie Dove for

    lab work. Plaintiff put in a medical kite to see the provider.

18. On or about 09/21/2021 Plaintiff called to see Provider Zachary A. Campbell,

    a chronic care visit. Plaintiff is weak from the lack of food and water. Moving

    around is very painful. Provider and Plaintiff talk about the G-tube site.

    Provider wants the Plaintiff to exercise to make the G-tube hole close. Plaintiff

"D. STATEMENT OF CLAIMS"

states that "it's too painful to walk and you want me to exercise?" Provider

stated "that the culture that was taken on 09/15/2021 is infected." Plaintiff

asked why he cannot go back to Aurora South. Again Provider stated "that the

leaking is normal" and ordered antibiotics for one week.

19. On or about 09/22/2021 Stomach acid has been burning the outside of the

Plaintiff's G-tube site, which is very irritating, bloody and painful. Plaintiff

was given only moisture barrier cream for the burning and that just made his

condition worse. No pain medication.

20. On or about 09/24/2021 Plaintiff has not been seen by the clinic for three

days. Was called to the clinic after unit staff called.

21. On or about 09/30/2021 Plaintiff was transported for the complaint of

complication after removal of his G-tube on 09/09/2021, to the Denver Health

Emergency Room. Upon inspection for the requested "emergency medical

need," the Physician questioned the Plaintiff, "why are you just now coming in

for an emergency; how long has these complication been going on?" Plaintiff

stated that it has been 21 days after the removal of my G-tube. The Physician

stated that, "you should go to Aurora South for your follow-up. Denver Health

took a picture of the Plaintiff's G-tube site, put a new dressing on and send him

back to the facility.

"D. STATEMENT OF CLAIMS"

22. On or about 10/06/2021 Plaintiff was called to clinic to see Provider Zachary A. Campbell. Plaintiff is walking slowly because of the severe pain. Plaintiff asked the provider for a wheelchair for the Plaintiff has missed med line for the last four or five days. Provider Zachary A. Campbell stated, "NO."

23. On or about 10/07/2021 Plaintiff submitted a grievance#C-DU21/22-00199882-1 which states: "Seen Provider Zachary A. Campbell, I asked him for a wheelchair because of the severe pain when walking; do to the removal of my G-tube which is still leaking out stomach acid, food and liquid. I told Provider Zachary, that because of the pain I have missed med line four days. I was already denied medical treatment on 09/16/2021 grievance# C-DU21/22-00198375-1. This is clearly deliberate indifference, inadequate medical care, cruel and unusual punishment. G-tube site has been leaking for 29 days, the stomach acid is burning my skin which is very painful. Remedy: To have adequate medical care, and a wheelchair and OCA." Denied.

24. On or about 11/30/2021 Plaintiff was transported to the Rocky Mountain Cancer Centers for a regular pre-dated check-up with his primary medical provider Dr. Douglas Reznick. The Plaintiff explained about the times his has request for emergency medical care, after the removal of his G-tube and that it has been leaking since 09/09/2021. Plaintiff shows the doctor. Dr. Douglas

"D. STATEMENT OF CLAIMS"

25. Reznick made this statement, "Your G-tube should not be leaking, that's not normal." The doctor said a medical name and the Plaintiff asked the doctor to put it is his medical records.  Dr. Douglas Reznick ordered an upper G-I.

26. Starting from 09/09/2021, the Plaintiff has consistently suffered the effects of continual abdominal pain, leakage of yellow-bio fluids, blood, and physical weakness, loss of appetite, loss of self-esteem, depression, sleeplessness, anxiety and helplessness.

## CLAIM 1: DELIBRATE INDIFFERNCE

Plaintiff allege and incorporate by reference, dates of actual events, paragraphs 1-26. Upon information and belief, assigned Medical Provider Zachary A. Campbell FNP, violated CDOC policy that protects the health and well-being of offenders. Administrative Regulation (AR) 700-01B (A) **"Letter of Agreement"** **AR-700-01B (A)** which states:  "Facility employees, volunteers, and contract worker will jointly support the efforts of clinical services to protect the health and well-being of offenders." (End of quote)  Also, (AR) 700-01 **"Responsibility and Organization of Clinical Services."**  Which states:  I. Policy: "It is the policy of the CDOC to ensure that offenders will be provided with health care services that maintains basic health and prevents other than normal physical and emotional deterioration."

11

"D. STATEMENT OF CLAIMS"

(End of quote).

The assigned Medical Provider Zachary A. Campbell FNP, did delay in providing adequate medical emergency care.

Upon information and belief, Nurse Tracie E. Birmingham, informed the defendant on or about 09/11/2021, about the Plaintiff's condition, and on or about 09/13/2021, Head Nurse Michelle R. Barry, informed the defendant about what to do regarding Plaintiff's serious medical needs. The defendant ignored the Head Nurse's advice, who has experience with the removal and treatment of G-tubes. The defendant informed the Plaintiff that he has no idea what to do about Plaintiff's condition, on or about 09/13/2021.

Plaintiff submitted a grievance #C-DU21/22-00198375-1, asking for a new provider and medical treatment. Denied on or about 09/17/2021 by Nurse Nicole Price. On or about 09/16/2021, Plaintiff was called to the clinic for sick-call, and seen by assigned Medical Provider Zachary A. Campbell FNP, who made this statement, "Aurora South said that the leaking is normal."

Upon information and belief, on or about 11/30/2021, more than 60 days of consistent suffering the effects of pain. Plaintiff was transported to the Rocky Mountain Cancer Centers for a regular pre-dated check-up with Dr. Douglas Reznick, who ordered the removal of the Plaintiff's G-tube. The Physician

"D. STATEMENT OF CLAIMS"

diagnosed that the Plaintiff's condition was not normal and ordered treatment.
This shows the deliberate indifference, willful, wanton, and outrageous conduct by
the defendant, who ignored the fact that the Plaintiff was leaking stomach acid,
blood, and food out of his G-tube site.  This serious medical need was so obvious
that even a lay person would easily recognize the necessity for a doctor's attention.

   Defendant lied about Plaintiff's condition, ignored and refused to verify the
facts, he did not investigate this matter to figure out whether a substantial risk of
serious harm really exist.  Even after the continued plea for help by kites and
grievances.  Plaintiff could not seek help from a different clinic, Plaintiff could not
eat or drink without leaking from his G-tube site, he felt helpless, with continual
abdominal pain, leakage of stomach acid, blood, physical weakness, loss of
appetite, loss of self-esteem, depression, sleeplessness, anxiety, to this date.
Therefore, the Plaintiff asserts that after he exhausted his tangible efforts to receive
emergency medical care as mandated by CDOC administrative regulation policy
700-01 and 700-01B (A), the Plaintiff was treated with a deliberate indifference
toward his medical emergency needs.  Thus violating his contractual rights to be
provided with adequate or at lease basic health care, which also are in violation of
his 8th and 14th Amendment to the U.S. Constitution, by "State Actors" under **42
U.S.C. § 1983.**

"D. STATEMENT OF CLAIMS"

The Plaintiff finally asserts he had a clear right to have been seen immediately by Aurora South for his continuity care, medical emergency, as the male nurse recommended on or about 09/09/2021, to avoid undue pain, suffering, mental anguish, and possible permanent physical impairment.

The defendant did not act reasonably in this matter and should be liable for the failure to protect the Plaintiff's health and well-being.

## 13-17.5-102.3. Exhaustion of remedies.

(1)   No inmate shall bring a civil action based upon prison conditions under any statute or constitutional provision until all available administrative remedies have been exhausted in a timely fashion by the entity operating the detaining facility and inmate. For purposes of this subsection (1), an inmate shall be considered to have exhausted all available administrative remedies when the inmate has completed the last step in the inmate grievance process as set forth in the regulations promulgated by the entity operating the detaining facility. Failure to allege in the civil action that all available administrative remedies have been exhausted in accordance with this subsection (1) shall result in dismissal of the civil action.

Plaintiff has exhausted his administrative remedies in this matter.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you
were incarcerated?  __X__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one
previous lawsuit, use additional paper to provide the requested information for each previous
lawsuit.  Please indicate that additional paper is attached and label the additional pages
regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                     _____ NO NAME DEFENDANT _____


Docket number and court:            __1:21-CV02673-GPG Hurd v. "No Named
Defendant_____

Claims raised:                      _denied access to the courts and adequate care__


Disposition: (is the case still pending?
Has it been dismissed?; was relief granted?)   _Dismissed without prejudice_____

Reasons for dismissal, if dismissed:        ____deficiencies_____

Result on appeal, if appealed:              _____none_____



## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal
court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or
judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

        _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

        _X_ Yes ___ No (*check one*)

G.    **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* See "G. REQUEST FOR RELIEF."

H.    **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Form Revised December 2017)

"G. REQUEST FOR RELIEF."

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays that this court enter judgment granting

Plaintiff:

    (1)  A declaration that the acts and omissions described herein violated

            Plaintiff's rights under the Constitution and laws of the United States.

    (2)  Compensatory damages in the amount of $ 100,000.00 against each

            defendant, jointly and severally.

    (3)  Punitive damages in the amount of $ 50,000.00 against each defendant.

    (4)  A jury trial on all issues trial able by jury.

    (5)  Plaintiff's costs in this suit.

    (6)  Any additional relief this court deems just, proper, and equitable.

neopost
08/10/2022
US POSTAGE $001.27⁵

FIRST-CLASS MAIL
AUTO

ZIP 80216
041L12205054

1st class

**Colorado Department of Corrections**
Name MR. KIRK C. HURD
Register Number 474708
Unit 1B109
Box Number 372009
City, State, Zip DENVER, CO 80239

U.S. District Court for the District
of Colorado
Alfred A. ARRAj U.S. Courthouse
901 19th Street
Denver, CO 80294-3589

DOC #

OFFENDER LAST NAME Hurd

INT K

STAFF LAST NAME Roche

ID# 44940

ID# 22296

INT 515

FACILITY Doc

DOC $5+01

DATE REC'D 8/9/22