**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 22-cv-01523-RM-STV

KIRK CORNELL HURD,

    Plaintiff,

v.

ZACHARY CAMBELL, and
SUETLANA POLYADOVA,

    Defendants.

___

## ORDER
___

    This prisoner civil rights lawsuit is before the Court on two Recommendations of United States Magistrate Judge Scott T. Varholak (ECF Nos. 79, 84)—one to grant Defendants' Motion to Dismiss (ECF No. 63), and another to deny without prejudice Plaintiff's Motion for Leave to Amend (ECF No. 82).  Each Recommendation advised that specific written objections were due within fourteen days after being served a copy of the Recommendation.  More than fourteen days have elapsed since the Recommendations were issued, and no objection has been filed.  For the reasons below, the Court accepts the Recommendations, which are incorporated into this Order by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    Liberally construing Plaintiff's pro se pleadings, the magistrate judge construed the operative complaint as asserting a gross negligence claim against Defendant Polyadova and negligence and deliberate indifference claims against Defendant Campbell stemming from allegations that Plaintiff received inadequate medical treatment while in the custody of the

Colorado Department of Corrections. With respect to Defendants' Motion to Dismiss, the magistrate judge determined that Plaintiff's medical negligence claims were barred for failure to comply with the Colorado Government Immunity Act's notice requirement. And the magistrate judge determined that Plaintiff's allegations were insufficient to state a claim for deliberate indifference. Therefore, the magistrate judge recommends granting Defendants' Motion to Dismiss.

While the first Recommendation remained pending, Plaintiff filed his Motion for Leave to Amend. Noting that the allegations in Plaintiff's proposed amended complaint would not remedy the deficiencies already identified in the Recommendation while also noting some uncertainties about how the case would proceed if the Motion were granted, the magistrate judge suggests in the second Recommendation that allowing Plaintiff to leave to amend the complaint after granting Defendants' Motion to Dismiss would be more efficient than granting the Motion. Thus, the magistrate judge recommends denying Plaintiff's Motion without prejudice.

The Court discerns no error on the face of the record and agrees with the magistrate judge's analyses in both Recommendations. *See Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991) ("In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate."). Therefore, the Court will provide Plaintiff an opportunity to file an amended complaint before granting Defendants' Motion and closing this case.

Accordingly, the Court ACCEPTS and ADOPTS the Recommendations (ECF Nos. 79, 84). The Motion to Dismiss (ECF No. 63) is GRANTED, but this part of the Court's Order is HELD IN ABEYANCE until March 21, 2024. Plaintiff's Motion for Leave to Amend (ECF

No. 82) is DENIED WITHOUT PREJUDICE. However, pursuant to the Recommendation, Plaintiff may file an amended complaint on or before March 20, 2024. If Plaintiff fails to do so, the Clerk is directed to CLOSE this case the following day.

DATED this 28th day of February, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge